UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-21936 Civ- Lenard/O'Sullivan

CLIFF INNOCENT, ANTWON
DONELL WILSON, AND JAVIS
ANTWAN PACE,

    Plaintiffs,

v.

GENERAL MOTORS LLC,

    Defendant.
_____/

## STIPULATED PROTECTIVE ORDER

The parties to this action have agreed to the following Order:

The Court notes that General Motors LLC ("GM") expects to produce to the Plaintiffs certain information that GM considers to be confidential information and trade secrets. GM desires that its confidential information and trade secrets be protected by an appropriate protective order.

The plaintiffs agree to enter into this Order for the purpose of facilitating and expediting the discovery process and to prevent the Court from having to conduct hearings on each document or category of documents sought to be protected.

Upon consideration of the above and in light of the agreement between the parties to same, the Court finds good cause for a Protective Order to protect confidential, trade secret documents pursuant to Rule 26(c), of the Federal Rules of Civil Procedure.

IT IS, THEREFORE, ORDERED that the following procedure shall govern the production, use and disposal of the confidential documents and information.

1. <u>Designation of Confidential Documents and Information</u>. GM shall mark any such documents as "confidential" in accordance with the provisions of this Order. The documents and information contained therein shall only be used, shown, and disclosed as provided in this Order. The term "confidential documents and information" as used in this Order shall be construed to include all of the information contained in each document so marked.

2. <u>Access to Confidential Documents and Information by Counsel and the Parties</u>. Confidential documents and information shall be made available only to "qualified persons." The term "qualified persons" means the Court and its officers, the parties, their counsel, and those paralegals, stenographic, and clerical employees assisting such counsel who have read the provisions of this Order and have agreed to be bound by it. No other person shall have access to confidential documents or information without the advance written approval of GM or future order of this Court. No person who gains access to confidential documents or information may disclose their contents or information contained in them to any other person without the prior written approval of GM or the Court.

3. <u>Access to Confidential Documents and Information by Experts or Consultants</u>. Independent experts and/or consultants (i.e., non-testifying experts) retained by the Plaintiffs may be included as "qualified persons" if they have executed a Certification that they have read this Order and agree to be bound by the terms and conditions thereof. An executed original of that Certification shall be obtained by counsel of record for the Plaintiff before such persons are given access to confidential documents. Executed Certifications shall be produced, on demand, to defense counsel at the conclusion of the

action.  Moreover, all such Certifications shall be maintained by counsel of record for the Plaintiff until such time as this action has been concluded and all confidential documents are returned to the appropriate defendant.  The certification is attached hereto as Exhibit "A."

     4.     <u>Challenges to Claims of Confidentiality</u>.  If a party contends that any documents, information, or portions of them that another party or third party has designated as confidential are not entitled to protection, he may file a motion to change the designation.  The moving party shall bear the burden of proving that the designation is improper and should be changed.  The documents and information shall remain confidential until their status is changed by stipulation or court order.

     5.     <u>Use of Confidential Documents and Information Generally</u>.  Confidential documents and information may be used solely for the purpose of this lawsuit and for no other purpose.

     6.     <u>Use of Confidential Documents and Information in this Lawsuit</u>.  Confidential documents or information may be used at depositions, in accordance with the following safeguards: if such confidential documents and information are used in depositions, all portions of the transcript of such depositions, and exhibits thereto that refer to or relate to such confidential documents or information, shall themselves be considered as confidential documents.  The party seeking to protect the confidential documents and information at deposition shall ensure that the Court reporter binds the confidential portions of the transcript and exhibits separately and labels them "confidential."  In addition, the deponent is deemed to be ordered that, pursuant to this protective Order, he or she may not divulge any such confidential documents or information except to qualified persons.  The use or

introduction of confidential documents or information as exhibits at deposition as outlined above shall not constitute a waiver of their confidential status, and such documents shall continue to be subject to the protections afforded by this Order.  The parties contemplate certain documents and information marked confidential may be used at trial.  The party seeking to maintain the confidentiality of any documents or information which may be used during the trial shall have the obligation to obtain from the Court, prior to trial, an order establishing a mechanism to ensure the preservation of their confidentiality for use at trial.

      7.     <u>Filing and Sealing</u>.  When a party files confidential documents, things, and information, including confidential portions of any transcript, he or she shall file them in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action and a statement substantially in the following form:

"Filed Under Seal Pursuant to Protective Order"

The envelope or container shall not be opened or released to anyone other than qualified persons without further order of the Court.  The Clerk of the Court is hereby directed to maintain such confidential documents and information in a separate portion of the court files not available to the public.

      8.     <u>Return at the Conclusion of this Action</u>.  Within thirty (30) days of the conclusion of this action, counsel of record for the plaintiff shall return all confidential documents and information, and all copies thereof, to counsel for GM.  If any confidential documents are furnished to any expert or to any other qualified person, the attorney for the Plaintiff shall ensure that all confidential documents in the possession of such persons, and all copies thereof, are returned to counsel for GM within thirty (30) days of the conclusion of this action.

9. <u>Amendments</u>.  Nothing in this Order will prejudice any party from seeking amendments broadening or restricting the rights of access to and the use of confidential documents and information, or contesting the designation of a confidential document or qualified person.

10. The clerk is ordered to send attested copies of this Order to all counsel of record.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 20th day of September, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

cc:
U.S. District Court Judge Lenard
All counsel of Record

## EXHIBIT A:  NON-DISCLOSURE ACKNOWLEDGMENT

I hereby acknowledge and affirm that I have read the terms and conditions of the Stipulated Protective Order entered by the Court in this matter on this _____ day of _____, _____. I understand the terms of the Stipulated Protective Order.  I agree to its terms.  I understand that my agreement to its terms is a condition of my access to the confidential documents, things, and information.  Moreover, I hereby consent to the jurisdiction of the above-captioned Court for the purpose of enforcing the terms of the Stipulated Protective Order.

I recognize that any breach of this Non-Disclosure ACKNOWLEDGMENT or of the Stipulated Protective Order may be punishable as contempt of court.  All civil remedies for breach of this Non-Disclosure ACKNOWLEDGMENT are specifically reserved by General Motors LLC, as defined in the Order, and are not waived by the disclosure or Stipulated Protective Order.  Moreover, I recognize that General Motors LLC may pursue all civil remedies available to it as a third-party beneficiary of my agreement.

Dated:  _____

_____
(NAME)

_____
(FIRM NAME)

_____
(ADDRESS)

_____
(CITY)        (STATE)        (ZIP)

_____
(TELEPHONE NUMBER)

STATE OF _____

COUNTY\CITY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, _____ by _____, who is personally known to me or who has produced _____ (form of identification) as identification.

(SEAL)

_____
NOTARY PUBLIC